```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
 2

 3  UNITED STATES OF AMERICA    )    DOCKET NO. 1:07CR412-1
                                )
 4          vs.                 )
                                )    Winston-Salem, North Carolina
 5  MARKO RUDI                  )    November 3, 2009
    _____    10:01 a.m.
 6

 7          TRANSCRIPT OF THE MOTION HEARING/STATUS CONFERENCE
             BEFORE THE HONORABLE THOMAS D. SCHROEDER
 8                UNITED STATES DISTRICT COURT JUDGE

 9

10  APPEARANCES:

11  For the Government:      BOB HAMILTON, AUSA
                            Office of the U.S. Attorney
12                          101 S. Edgeworth Street, 4th Floor
                            Greensboro, North Carolina 27401
13

14  For the Defendant:      DAVID LONG, Esquire
                            Poyner Spruill, LLP
15                          P.O. Box 1801
                            Raleigh, North Carolina 27602-1801
16

17                          CHRISTOPHER R. CLIFTON, Esquire
                            Grace Tisdale & Clifton, P.A.
18                          301 N. Main Street, Suite 1200
                            Winston-Salem, North Carolina 27101
19

20  Court Reporter:         BRIANA NESBIT, RPR
                            Official Court Reporter
21                          P.O. Box 20991
                            Winston-Salem, North Carolina 27120
22

23

24        Proceedings recorded by mechanical stenotype reporter.
          Transcript produced by computer-aided transcription.
25
```

P R O C E E D I N G S

1    (The Defendant was present.)

2         **THE COURT:**  Mr. Hamilton, do you want to call the

3    next matter?

4         **MR. HAMILTON:**  The next matter is United States

5    versus Marko Rudi, 1:07CR412, here for purposes of a status

6    conference.  Mr. Rudi is represented by Chris Clifton and David

7    Long.

8         **THE COURT:**  All right.  Good morning.

9         **MR. LONG:**  Good morning, Your Honor.

10        **MR. CLIFTON:**  Good morning, Your Honor.

11        **THE COURT:**  All right.  I received a motion to

12   continue in the case.  I presume that's what we are here for?

13        **MR. HAMILTON:**  Yes, sir.

14        **THE COURT:**  Does anybody want to be heard further?

15        **MR. LONG:**  Well, Your Honor, we'd like to have a

16   status conference.  We've got scheduling issues and other

17   issues that I think we would like to take up with the Court, if

18   you have the time today.

19        **THE COURT:**  All right.  I would be happy to do that.

20   Why don't you tell me what the problems seem to be.

21        **MR. LONG:**  Well, Mr. Rudi is an Estonian citizen who

22   was indicted, I believe, in February of '08.  It look almost 11

23   months for him to be extradited.  He's been back in the United

24   States since late August.

BRIANA NESBIT, RPR      OFFICIAL COURT REPORTER    (336) 254-7464

1          THE COURT:  Is there any language issue?

2          MR. LONG:  Well, he is fluent.  Does he understand

3   every word in every context?  No.  We've talked a little bit

4   about whether we need an interpreter.  He might feel

5   comfortable with a standby interpreter, but it is not an issue

6   like it was in the prior case.  Mr. Rudi speaks very good

7   English.

8          THE COURT:  All right.  Mr. Rudi, if at any time

9   today you feel like you don't understand what was said, I am

10  going to ask you to advise me or your counsel so that -- we

11  will proceed under the presumption that you understand these

12  proceedings because your counsel says you are fluent in

13  English.

14         THE DEFENDANT:  Thank you.

15         THE COURT:  If there is any problem and you don't

16  understand, you need to advise the Court and tell me that you

17  don't understand; and then we'll take it up at that time.

18  Okay, sir?

19         THE DEFENDANT:  Thank you, Your Honor.

20         MR. LONG:  If Your Honor, please, the extradition

21  order from Estonia -- Mr. Rudi was indicted on five counts.

22  The extradition order from Estonia extradited him on two counts

23  out of the five.  They refused to extradite on three of the

24  counts.

25       Now, as I understand, the full extradition order has not

1  reached the court file translated.  We got a partial

2  translation from Patrick Auld.  I don't know how the Court

3  wants us to approach that issue.  Do you want us to do that by

4  motion?

5      We are looking for guidance.  I have never done this

6  before.  I presume the Court hasn't either.

7              **THE COURT:**  I can assure you I have not.

8              **MR. LONG:**  So we've got that issue, and we've got to

9  determine it somewhere along the line.

10             **THE COURT:**  He's been extradited on which counts?

11             **MR. LONG:**  One and Three.

12             **THE COURT:**  It is a five-count indictment, you say?

13             **MR. LONG:**  It is a five-count indictment, and he was

14  also not extradited under 18 U.S.C. 2, which is in all five of

15  the counts.

16      So I don't know whether the Government is going to consent

17  to a trial on the indictment as the extradition order read or

18  whether they are going to contest it, but that's an issue that

19  we've got to deal with and I would think --

20             **THE COURT:**  Why don't we pause right there.

21  Mr. Hamilton?

22             **MR. HAMILTON:**  Your Honor, there is, as I understand

23  it, a recent either revision to the treaty with Estonia or a

24  new treaty has been entered into or is in the process of being

25  entered into.

BRIANA NESBIT, RPR      OFFICIAL COURT REPORTER      (336) 254-7464

1      It is my understanding that we are attempting to seek the

2 permission for the other three counts as well.  So I don't

3 think that's necessarily a dead issue at this point.  So,

4 certainly, we've been given permission to proceed on two

5 counts, but we think we will also eventually receive permission

6 on the other three counts as well.

7           **THE COURT:**  Do you have any idea what the timing of

8 that might be?

9           **MR. HAMILTON:**  Your Honor, I think if -- within the

10 parameters of the continuance that's been asked for by the

11 defense.  We would hope within 60 to 90 days.  We are checking

12 with our Office of International Affairs on that right now,

13 Your Honor.

14           **MR. LONG:**  If Your Honor, please, Mr. Rudi has got

15 counsel in Estonia who are dealing with those issues.

16           **THE COURT:**  Give me just a minute.  (Reading.)

17      Okay.  Well, as to that issue, it sounds like the answer

18 will be determined most likely before a trial date, if we get a

19 continuance until -- is it April that you are asking for; is

20 that right?  I can't remember the date that you asked for.

21           **MR. LONG:**  I think so, Your Honor.  Yes, indeed.

22           **THE COURT:**  Is there anything else at this time you

23 are asking that the Court do?

24      It sounds like the Government is proceeding with efforts

25 to attempt to determine whether Counts Two, Four, and Five can

BRIANA NESBIT, RPR      OFFICIAL COURT REPORTER   (336) 254-7464

1  be the basis of the extradition as well, and at this time I am

2  not sure there is really anything before me that I can resolve.

3          **MR. LONG:** I agree with that completely. Not on that

4  issue at all.

5          **THE COURT:** All right.

6          **MR. LONG:** We've got some other issues. We've been

7  working as best we can. Patrick Auld had this case, is the one

8  who indicted this case, and he is the one who has done

9  everything on this case. We are in transition within the U.S.

10  Attorney's Office.

11     But as far as the discovery is concerned, we have seen

12  parts of the discovery. We haven't -- all the discovery hasn't

13  been made available to us. Mr. Auld said that he was going to

14  get copies of certain of the discovery that we had noted.

15     We've got logistics issues because we have an accountant,

16  a CPA, we are going to have to -- we have engaged to deal with

17  financial issues. As a practical matter, Mr. Auld indicated he

18  was going to get that financial information to us. The

19  accountant is going to have a lot of difficulty going in and

20  examining the records in the U.S. Attorney's Office. So we've

21  got that logistics issue.

22     We've got to, you know -- we haven't had any problems

23  dealing with them; but I think probably because of the

24  transition we haven't got copies, and I guess we marked it

25  three or four weeks ago.

BRIANA NESBIT, RPR     OFFICIAL COURT REPORTER   (336) 254-7464

1          THE COURT:  Do you know what -- well, let me back up.

2    So you reviewed things; and you are saying that you asked for

3    copies of that, and you haven't gotten them yet?

4          MR. LONG:  Right.  They indicated they were going to

5    get copies.  Again, I believe it is probably just part of this

6    transition process we are going through.  I am not blaming

7    anybody.

8          THE COURT:  Let me stop there.  Can you address that,

9    Mr. Hamilton?

10         MR. HAMILTON:  Yes, Your Honor.  Mr. Auld -- we are

11   making a transition, as Mr. Long said.  Mr. Auld has had some

12   family health issues, and he's been traveling quite a bit to

13   resolve those; but I have met with him and so has Mr. Chut.

14   We'll get copies of things.

15         THE COURT:  What do you think is a reasonable period

16   of time where you can do that?

17         MR. HAMILTON:  I obviously don't know the volume of

18   what they've requested.  We can certainly do it in stages so

19   they have something to work with.

20         THE COURT:  Can you give some sense of what the

21   volume is?

22         MR. LONG:  Boxes -- the stuff that we've marked?

23         THE COURT:  Yes.

24         MR. CLIFTON:  Probably 4-, 500 pages.

25         THE COURT:  Okay.

BRIANA NESBIT, RPR      OFFICIAL COURT REPORTER    (336) 254-7464

1          **MR. LONG:**  It is not an enormous amount relative to

2    the whole.

3          **THE COURT:**  Is there any problem doing that in two

4    weeks, do you think?

5          **MR. HAMILTON:**  No, Your Honor.  Typically, what I

6    would like to do is to scan the documents.  I will give --

7    unless for some reason they would want to have hard copies

8    because of the signatures or whatever, I would scan it and give

9    Mr. Clifton and Mr. Long a disk.

10         Mr. Clifton and I have had several long cases together.  I

11   am confident that we can work out the discovery amicably, Your

12   Honor.

13         Two weeks, I think -- if there is a problem, Your Honor,

14   with that -- again, I am a little bit at a disadvantage because

15   I am not sure exactly -- I don't have a real good grip on this

16   case yet.

17         **THE COURT:**  I understand.

18         **MR. HAMILTON:**  I think we can certainly within two

19   weeks make a significant production.  If we can't get it all to

20   them, we'll explain it to the Court in a letter.  If you can

21   give us two weeks, I think I can put a lot of stuff their way,

22   and I think that will get them going.

23         **THE COURT:**  I'll -- go ahead.

24         **MR. LONG:**  Excuse me.  There is no need for you to be

25   involved in this.  I am sure we can work this out.

1          **THE COURT:**  Do you want a deadline?

2          **MR. LONG:**  No.  I am satisfied.  Now that we've got

3    the issue out, I think it is something that's easy to work out.

4          **MR. HAMILTON:**  We'll take care of it, Judge.

5          **THE COURT:**  Well, if there is a continuance, which it

6    looks like there will be, and -- the case has been around for a

7    while.  I understand there were issues getting extradition and

8    probably other matters.

9        If there is a delay and you are not satisfied, then it is

10   incumbent upon you all, Mr. Long and Mr. Clifton, to make some

11   kind of motion and bring it to my attention because I will be

12   happy to prod things along, particularly if there is a

13   continuance yet of another trial date.

14       Don't sit on your rights I guess is what I am advising.  I

15   know you won't, but I am advising you all to stay on top of it

16   and bring it to my attention, and we'll deal with it.

17         **MR. LONG:**  Okay.  Two other issues that we have:

18   One, we'd like to issue some Rule 17 subpoenas.  I think we can

19   do that ex parte under the rule.  We would just like to alert

20   the Court that we will likely do that sometime soon under Rule

21   17(c).

22         **THE COURT:**  All right.

23         **MR. LONG:**  We would propose just to submit those to

24   you in camera and let the Court make its decision from there.

25   I believe we can do that ex parte, and that's what we would

BRIANA NESBIT, RPR      OFFICIAL COURT REPORTER    (336) 254-7464

1  like to do.

2        **MR. HAMILTON:**  Judge, I am not sure exactly what we

3  are talking about.  I don't have my book in front of me, but if

4  we are referring to -- are we referring to the depositions of

5  foreign witnesses?

6        **MR. LONG:**  No.  That's another topic that we need to

7  talk about, too.  This is just a matter of using Rule 17 to get

8  documents before trial so we can use them in preparation.

9  17(c) is the --

10        **MR. HAMILTON:**  The only time I am familiar with the

11  Court having to get involved in the subpoena process for the

12  defense counsel, Your Honor, is if the defense counsel are

13  appointed counsel.

14        **THE COURT:**  Right.  That's why I was just looking at

15  the list.

16        **MR. HAMILTON:**  I am a little puzzled by the reference

17  that the Court would need to get involved in a subpoena by a

18  privately-retained attorney.

19        **MR. LONG:**  I believe this rule provides for subpoenas

20  prior to trial, Your Honor.

21        **THE COURT:**  Let me take a look at it.  (Reading.)  It

22  looks like under 17(a) you can do it and 17(c).  17(b) applies

23  only where the defendant is unable to pay.  He has obviously

24  got retained counsel here.

25      That would be the ordinary practice in civil proceedings.

1  I guess it doesn't come up much in criminal cases.

2          **MR. LONG:**  I used it maybe once or twice in a case in

3  another district.

4          **THE COURT:**  I am not sure that I have to be involved

5  in the process.

6          **MR. LONG:**  Well, the way I did it in the past, and as

7  I say only one time, is I got the judge to issue an order

8  directing that the subpoena issue.

9          **THE COURT:**  Well, under 17(a), it looks like you

10 don't need me to do that, the way I read it:  "The clerk must

11 issue a blank subpoena -- signed and sealed -- to the party

12 requesting it."  So it is a sealed subpoena, and you fill in

13 the blanks and you serve it.

14         **MR. LONG:**  All right.  We will do that.  If we need

15 the Court's intervention at some time, we'll come back.

16         **THE COURT:**  The only exception to that appears to be

17 under 17(c)(3).  If the subpoena requires production of

18 personal or confidential information about a victim, then the

19 Court has to give notice to the victim so they can move to

20 quash.

21         **MR. LONG:**  We will proceed to issue the subpoenas;

22 and if we need Court intervention, we will come back.

23         **THE COURT:**  I haven't looked at the cases on it.  I

24 presume there are cases that say that under 17(a) it means what

25 it says and, that is, you are free to do that on your own; and

1   they are to be issued under seal.  If you have any trouble with

2   the clerk's office in that regard, just bring it to my

3   attention and we'll take it up.

4           **MR. LONG:**  We will do it.

5       I think the other issue that we need to just make the

6   Court aware of at this point is that this case is likely to

7   require -- we will have to take depositions outside the United

8   States since there are a number of witnesses.  A preliminary

9   list would have maybe as many as a dozen, more or less, in

10  Estonia and maybe an equal number in Dubai that we would have

11  to make arrangements to take video depositions to preserve

12  testimony for witnesses outside the jurisdiction of the United

13  States.

14          **THE COURT:**  All right.

15          **MR. HAMILTON:**  Judge, we would oppose that.  I think

16  that would have to be briefed by the parties.  We would require

17  that the witnesses actually appear before the jury.

18          **THE COURT:**  Okay.  I don't know what the law is on

19  that.

20          **MR. LONG:**  Again, all I am wanting to do is bring it

21  to the Court's attention.  I don't disagree that we may have to

22  brief it and bring it back.  I did want to alert the Court that

23  we have that possibility.

24          **THE COURT:**  All right.  I appreciate it.  Okay.  Any

25  other issues you need to resolve today?

BRIANA NESBIT, RPR      OFFICIAL COURT REPORTER   (336) 254-7464

```
 1        (Defendant's Counsel conferred.)
 2              MR. LONG:  Nothing further from us, Your Honor.
 3              THE COURT:  All right -- I'm sorry.  Anything else?
 4              MR. LONG:  Nothing for the defendant, Your Honor.
 5              THE COURT:  Anything further from the Government?
 6              MR. HAMILTON:  No, sir.
 7              THE COURT:  Okay.  If you have any issues on your
 8    interest in taking depositions, you are going to have to either
 9    get the Government's agreement or you are going to have to --
10    and there may be more required than that.  I haven't looked at
11    the issue.  I cannot imagine that it would not at least require
12    the Government's agreement, but I haven't looked at the cases.
13    You will have to brief it, I'm sure, if it turns out you want
14    to try to preserve testimony in a criminal case in that manner.
15        Have you looked at the law on that?
16              MR. LONG:  I have, Your Honor.  We can't subpoena any
17    of these people.  It is beyond the subpoena power of the United
18    States.  I've looked at it, yes.  Am I prepared to argue it
19    today?  No.  But, yes, I have looked at it.
20              THE COURT:  All right.  Well, just make sure, when
21    you get to that point, you give yourself advance notice so that
22    it is not going to delay an April trial date --
23              MR. LONG:  Absolutely.
24              THE COURT:  -- so that you can have enough time to
25    have it heard and resolved so that you can do what you want to
```

1  do and make your travel arrangements and all of that.

2     So the request is that the case be continued.  It is

3  Document 13, motion to continue by the defendant to the April

4  term of court.

5     I was looking to see whether the Government had any

6  opposition.  Do you have any opposition?

7          **MR. HAMILTON:**  We don't, Your Honor.

8          **THE COURT:**  Is that going to be sufficient time where

9  April is a pretty solid date for a trial, or is there going to

10 be any concern that that is not enough time?  I am not offering

11 to give you anymore.  I am just trying to make sure you are

12 solid on that date.

13         **MR. LONG:**  As we stand here today, we are pretty

14 solid on that, Your Honor.

15         **MR. CLIFTON:**  The two issues that can push it out --

16 this extradition issue is an issue of first impression between

17 the U.S. and Estonia.  My understanding is it's gotten very

18 complicated between our federal government and their courts.

19 Mr. Hamilton has said he thinks 60 to 90 days as a result of

20 that.  That could drag on.

21     The other issue would be if we have travel restrictions on

22 our ability especially to get back and forth to the Middle

23 East.  We don't foresee those now, but I will let the Court

24 know that those are issues we've talked about.

25         **THE COURT:**  All right.

BRIANA NESBIT, RPR     OFFICIAL COURT REPORTER   (336) 254-7464

1          **MR. HAMILTON:**  Judge, the only issue is our case

2    agent -- his wife is expecting a child in March.  He is

3    stationed overseas.  We would hope that that would be an

4    uneventful event; but, apparently, if there is any

5    complications where he is stationed, which he is stationed in

6    the Philippines, he would have to travel perhaps back to the

7    United States with his wife.  That might push us back a month

8    or so.  Hopefully, his wife will have the baby in March, and

9    he'll be available in April.  We would need our case agent.

10          **THE COURT:**  All right.  By granting the continuance,

11   it looks like you all have, on the defense side, agreed to

12   waive speedy trial for the continuance period.

13        Is there agreement as to the time period -- the April date

14   that I am going to set it for is April the 12th, which is the

15   trial week of the April term of court.  So I will eliminate

16   from the calculation from speedy trial a period up to April the

17   12th.  I would be prepared normally to do that from today until

18   then unless there is some other agreement you all have entered

19   into as to the time period.

20          **MR. HAMILTON:**  No, Your Honor, that would be fine.

21          **MR. LONG:**  That's fine with us, Your Honor.

22          **THE COURT:**  All right.  So I will enter an order

23   eliminating from the speedy trial calculation the period from

24   November 3, 2009, up to and including April 12, 2010; and the

25   case will be set on the April criminal term for April 12, 2010.

BRIANA NESBIT, RPR        OFFICIAL COURT REPORTER   (336) 254-7464

1          Now, I would strongly advise that as you get close to that

2   date, particularly, if you are going to have some scheduling

3   issues, that you either request a status conference or you file

4   something to advise the Court what your needs are for

5   scheduling purposes so you don't get caught up in a list of

6   criminal cases that are set for trial where you're not given

7   some kind of indication of what your time period may be.

8          **MR. LONG:**  We will keep you advised, Your Honor.

9          **THE COURT:**  Anything further that you need today?

10         **MR. LONG:**  Not today.

11         **MR. HAMILTON:**  Thank you, Your Honor.

12         **THE COURT:**  Thank you.

13     (END OF PROCEEDINGS AT 10:26 A.M.)

14

15                        * * * * * *

16

17

18

19

20

21

22

23

24

25

BRIANA NESBIT, RPR     OFFICIAL COURT REPORTER     (336) 254-7464

1  UNITED STATES DISTRICT COURT

2  MIDDLE DISTRICT OF NORTH CAROLINA

3  CERTIFICATE OF REPORTER

4

5

6          I,  Briana L. Nesbit, Official Court Reporter,

7  certify that the foregoing transcript is a true and correct

8  transcript from the record of the proceedings in the

9  above-entitled matter.

10

11          Dated this 13th day of January 2010.

12

13

14                          //s//Briana L. Nesbit
                            Briana L. Nesbit, RPR
15                          Official Court Reporter

16

17

18

19

20

21

22

23

24

25

BRIANA NESBIT, RPR          OFFICIAL COURT REPORTER    (336) 254-7464