IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | 1:07CR412-1 |
| --- | --- | --- |
| v. | : | |
| MARKO RUDI | : | PLEA AGREEMENT |



NOW COMES the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, MARKO RUDI, in his own person and through his attorney, Christopher R. Clifton, and state as follows:

1. The defendant, MARKO RUDI, is presently under Indictment in case number 1:07CR412-1, which in Count One charges him with a violation of Title 18, United States Code, Section 1343, wire fraud; and which in Count Three charges him with a violation of Title 18, United States Code, Section 1031, major fraud against the United States.

2. The defendant, MARKO RUDI, will enter a voluntary plea of guilty to Count Three of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, MARKO RUDI, understands that the maximum term of imprisonment provided by law for Count Three of the Indictment is not more than ten years, and the maximum fine for

Count Three of the Indictment is $1,000,000, or both. The fine may exceed $1,000,000, if the gross loss to the Government or the gross gain to the Defendant is $500,000, or greater. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

    b. The defendant, MARKO RUDI, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

    c. The defendant, MARKO RUDI, also understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant, as to Count Three, make restitution to any victim directly harmed by the defendant's conduct in the course of the scheme set out in paragraphs 1 and 2 in Count Three of the Indictment, pursuant to Title 18, United States Code, Section 3663A.

    d. The defendant, MARKO RUDI, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so

doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to Count Three of the Indictment herein, the defendant, MARKO RUDI, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, MARKO RUDI, is going to plead guilty to Count Three of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, MARKO RUDI, to Count Three of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining

count of the Indictment as to the defendant, MARKO RUDI. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, MARKO RUDI, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

c. Upon acceptance by the Court of a guilty plea by the defendant, MARKO RUDI, to Count Three of Indictment herein, the United States agrees that, once the Court has determined the applicable advisory guideline range, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable advisory guideline range. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. This recommendation is not binding upon the court.

6. It is further understood that the United States and the defendant, MARKO RUDI, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

4

Case 1:07-cr-00412-NCT   Document 35   Filed 03/12/10   Page 4 of 6

7. The defendant, MARKO RUDI, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be

5

entered into unless executed in writing and signed by all the parties.

This the 11th day of March, 2010.

ANNA MILLS WAGONER
United States Attorney

*[signature]*
CHRISTOPHER R. CLIFTON
Attorney for Defendant

*[signature]*
ROBERT M. HAMILTON
LASB # 1400
Assistant United States Attorney

*[signature]*
MARKO RUDI
Defendant

    P. O. Box 1858
    Greensboro, NC  27402

    336/333-5351

6