IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | No. 1:07CR412-1 |
| | ) | |
| MARKO RUDI, | ) | |
| | ) | |
| Defendant, | ) | |

**Government's Response to Defendant's Arguments Opposing Levy**

COMES NOW the United States of America by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and responds to Defendant Marko Rudi's arguments opposing levy, filed April 21, 2011. In support of this response, the Government shows unto the court the following:

FACTS

1. On June 17, 2010, a judgment was entered in the United States District Court for the Middle District of North Carolina in favor of the United States of America and against Defendant Marko Rudi on the charge of Major Fraud Against the United States. Defendant Rudi was sentenced to 33 months in prison and ordered to pay a special assessment in the amount of $100.00 and a criminal fine in the amount of $150,000.00. (Docket Entry 43.)

2. On September 22, 2010, the United States of America filed an Application for Writ of Continuing Garnishment (Docket Entry 60) and on September 29, 2010, the court issued a Writ of Continuing Garnishment against the balance of any and all accounts in the name of Marko Rudi, Social Security Number XXX-XX-1143, including but not limited to

a Retirement Savings Account with an approximate value as of July 19, 2010, of $27,779.77 and a Retirement Savings Account with an approximate balance as of July 19, 2010 of $6,581.13. (Docket Entry 61.)

    3.    Garnishee Fidelity Investments filed an Answer on October 18, 2010, indicating at the time of service of the Writ, it was in possession, custody or control of an account with a value of $15.48. (Docket Entry 66.) In addition, Fidelity Employer Services Company filed an Answer at the direction of the Plan sponsor, indicating that it is the administrative record keeper for the Rockwell Automation Salaried Plan and the Triangle Institute Plan. The Answer further indicated that Defendant Rudi has an account in the Rockwell Automation Salaried Plan with a balance of $7,219.74 as of October 11, 2010, and an account in the Triangle Institute Plan with a balance of $30,784.74 as of October 11, 2010. (Docket Entry 65.)

    4.    On October 20, 2010, Defendant Rudi was served with the Application, Notice and Writ of Garnishment. (Docket Entry 67.)

    5.    On October 22, 2010, Defendant Rudi filed a response to the Notice of Writ of Continuing Garnishment and request for hearing. (Docket Entry 68.) In his response, Defendant Rudi claimed that the property subject to levy is exempt based on Judgments for support of minor children. (Id.)

    6.    On November 10, 2011, Defendant Rudi filed a reply in which he stated that he does not owe money to the Government because (1) the Judgment provides a schedule of

payments in the amount of $150.00 per month, to begin 90 days after his release from imprisonment; (2) his case is on appeal; and (3) he does not have a legal interest in the property subject to garnishment which qualifies for an exemption. (Docket Entry 70.) Specifically, Defendant stated that he has an obligation to support a minor dependant under the laws of Estonia, where he is a citizen. (Id. at 3.) Defendant further stated that he has not been able to meet his child support obligation for more than 24 months and that the property being garnished was "transferred to [his] dependent child in accordance [with] the laws of the Republic of Estonia." (Id.)

7. As of May 10, 2011, $100.00 has been credited to the judgment debt, and the balance of the debt is $150,385.89, which includes principal in the amount of $150,000.00 and interest in the amount of $385.89. Interest is accruing at the rate of .30% on this debt.

8. On January 27, 2011, this Court entered an order that Defendant submit documentation supporting his claim for exemption based on his alleged child support obligation. The Court ordered that Defendant submit documentation showing that the property at issue is subject to a Judgment for support of minor children or that ownership of the property has transferred to his child. (Docket Entry 71.)

9. On April 21, 2011, Defendant submitted a letter with attachments. (Docket Entry 74.)

RESPONSE

The Federal Debt Collection Procedures Act (FDCPA) sets forth procedures by which

the United States may recover a debt owed to it, including a debt for a criminal fine. 28 U.S.C. § 3001; 3002(3)(B). Among other remedies, the United States may seek post-judgment garnishment against "property . . . in which the debtor has a substantial nonexempt interest." 28 U.S.C. § 3205(a). Title 18 U.S.C. § 3613 of the Mandatory Victims Restitution Act (MVRA) applies to the collection of fines and restitution and provides that the United States may enforce a judgment imposing a fine or restitution "against all property or rights to property of the person fined" with very limited exceptions. 18 U.S.C. 3613(a). The only property exempt from enforcement is certain property that is exempt from levy under the Internal Revenue Code. See Title 18 U.S.C. § 3613(a)(1). Title 18 U.S.C. § 3613(a) incorporates ten of the twelve Internal Revenue Code exemptions set forth in Title 26 U.S.C. § 6334(a) and the wage exemption available to all debtors in the United States as provided by the Consumer Credit Protection Act, 15 U.S.C. § 1673. Title 18 U.S.C. § 3613(a)(2) provides that the broader exemptions found in the FDCPA, 28 U.S.C. §§ 3014, are not available to criminal defendants.

A criminal defendant, such as Mr. Rudi, who objects to the answer of the garnishee, claims exemptions and requests a hearing, bears the burden of proving that his property is exempt. 28 U.S.C. § 3205 (b)(5); United States v. Sawaf, 74 F.3d 119, 121 (6th Cir. 1996); United States v. Taylor, 2001 WL 1172185 (N.D. Tex. 2001).

Here, Defendant Rudi has failed to meet his burden of showing that his retirement accounts are exempt from levy pursuant to 26 U.S.C. § 6334(8). Defendant Rudi has also

4

Case 1:07-cr-00412-NCT    Document 75    Filed 05/19/11    Page 4 of 15

failed to show that he does not own the property subject to the Writ of Continuing Garnishment or that is was transferred to his minor child. Moreover, neither Defendant Rudi's appeal nor the payment schedule set forth in the Judgment preclude the Government from proceeding with collection through the Writ of Continuing Garnishment.

### A. Defendant Rudi Fails to Show His Property is Exempt From Levy.

Statutes governing collection give priority to child support payments where a garnishment for such payment is in place. The amount of salary, wages, or other income as is necessary to comply with a judgment to contribute to the support of minor children, arising from a court of competent jurisdiction, entered prior to the date of levy, shall be exempt from any levy. See 26 U.S.C. § 6334(a)(8). It is, however, child support garnishments that take precedence, not merely an obligation to pay child support. U.S. v. Jones, 2006 WL 5444362 * 1 (E.D. Va. 2006); see also 15 U.S.C. § 1673(b)(2).

In his response, Defendant Rudi claims an exemption as follows:

> ____ 8. Judgments for support of minor children. – If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

(Docket 68-1, p. 2 of 3.) Defendant Rudi should prevail on his claim for exemption only if he can sufficiently show the Court that he has been ordered to contribute to the support of his minor child "by judgment of a court of competent jurisdiction, entered prior to the date of levy."

The first issue which must be addressed is whether there is a child support order that

5

was entered against Defendant Rudi which constitutes a "judgment" within the meaning of the exemption. In the documentation Defendant filed on April 21, 2011, he includes a document dated May 12, 2009, that was purportedly translated from Russian to English. (Docket Entry 74-11, pp. 4-5.)[1] The Decision in the Name of the Republic of Belarus, for the support of Defendant's minor child was entered by the Court of Slonim Region of Grodnensk District. (Docket Entry 74-11, p. 4.) The translated document purports to show that a Judge decided to recover alimony in the amount of 200 000 000 rubles from Rudi Marko Tynovic for support of his minor child and "[t]o appropriate all the property of Rudi Marko Tynovic despite its origin or the jurisdiction of location at the time in the amount of the entire sum of the recovered alimony." (Id., p. 5.) The document further states that "[t]he decision of the court comes into force immediately after its adoption."

This documentation fails to establish the existence of a judgment for child support within the meaning of the exemption. First, the documentation fails to establish the exact amount of child support that was ordered as it relates to the amount subject to garnishment.[2] In other words, the record contains no evidence of a sum certain Defendant Rudi owed for child support at the time he filed his claim for exemption or at the time of the levy. The

---

[1] It should be noted that the Notary's Inscription attached to the document certifies the genuineness of the signature of the translator, but indicates "the correctness of translation was not verified." (Docket 74-11, p. 6 of 7.)

[2] Defendant indicates that as of April 21, 2011 two hundred million (200,000,000.00) rubles is about $65,000, but he fails to show what the value was as of the date of the decision or the date of the Government's levy.

6

documentation also fails to establish precisely what property was subject to the decision and it does not specifically mention the property subject to the Writ of Garnishment. It is also unclear when the decision became effective because, although it says it comes into force immediately after its adoption, it is unclear if and when it was adopted and by whom. Additionally, Defendant has furnished only a *copy* of a translated decision. For all of these reasons, Defendant has not met his burden to prove he is entitled to the exemption and his claim for exemption should be denied.

Defendant Rudi has failed to show that the property subject to the Writ of Garnishment was transferred to his minor child. The record shows that at the time of the Writ of Garnishment, the property subject to the Writ was owned by Defendant Rudi and that it had not been transferred to his minor child. Indeed, the Writ of Continuing Garnishment directed the Garnishee, "to withhold and retain, pending further order of the Court, any property in which the Defendant debtor has a substantial nonexempt interest which is subject to garnishment." (Docket Entry 61.) Garnishee Fidelity Workplace Services' Answer showed that it held property in Defendant's name and that it had received "no previous garnishments relative to Defendant." (Docket Entry 65, ¶ 8.) Garnishee Fidelity Workplace Services placed a freeze on Defendant's Plan account, pursuant to the Government's Writ. (Id., ¶ 10.) Similarly, Garnishee Fidelity Investments filed an Answer showing it held property for Defendant and that there were no previous garnishments in effect for the account held for Defendant. (Docket Entry 66, ¶ 3.) Fidelity Brokerage Services further indicated

7

that the Fidelity Individual account had been restricted and made inaccessible to Defendant. (Id., p. 5 of 6.)

At the time of the issuance of the Government's Writ, Defendant's property was held by the Garnishee for Defendant Rudi and it was not subject to a child support garnishment. Defendant Rudi's interest in the assets held in his name by Fidelity Investments and Fidelity Employer Services Company were effectively seized, or levied upon, when the Writ was issued and served upon the Garnishee and, thus, the levy was effective. To the extent Defendant now contends there was a prior order for child support in effect, he has failed to show it became effective prior to the Writ of Garnishment. Likewise, he has failed to show that the property subject to the Writ was necessary to comply with an order of child support. Moreover, Defendant should not receive the benefit of a child support exemption unless he can prove that he is paying child support. See U.S. v. Jones, 2006 WL 5444362 *1 (E.D.Va 2006).

The United States of America respectfully requests that the Court find that Defendant has failed to carry his burden of proof with respect to the exemption he claims and that the Court enter an Order of Garnishment of the retirement savings accounts of Defendant Marko Rudi with Fidelity Employer Services and/or Fidelity Investments.

**B.  Defendant Fails to Show the Property Subject to Garnishment Has Been Transferred to Defendant's Dependant Child.**

To the extent Defendant argues that the property subject to Garnishment has been

8

transferred to his minor child, he has produced insufficient evidence to support his position. As set forth above, neither Answer of the Garnishee supports the position that Defendant's minor child had an interest in the property subject to the Writ. No other garnishments were in place with respect to Defendant's property held by Fidelity and the Garnishee indicated that it held property in the name of Defendant at the time of the Writ.

Defendant, in his April 21, 2011 filing, contends that he failed to make child support payments beginning in September 2008 (Docket Entry 74, p. 2 of 3, ¶ 11) and that "on October 31, 2008 he was forced pledged [sic] all of his assets, including the assets at issue, as a security for the timely fulfillment of his obligations." (Id.) Defendant further contends that he did not make any child support payments and he offers the Affidavit of Katrin Rudi in support of his argument that "on December 10, 2008 all legal interest in the pledged assets, including in the assets at issue, were transferred to the legal representative of the Defendant's minor child to cover Defendant's overdue child support obligations." (Id., ¶ 12.)

The Affidavit of Katrin Rudi, however, does not comport with Defendant's statements. Katrin Rudi's Affidavit shows that Defendant Rudi entered into a pledge agreement on October 31, 2008.[3] Additionally, Katrin Rudi states in her Affidavit that "[i]n accordance with the Estonian Family Law and pledge agreement, all of Mr. Marko Rudi's

---

[3] Defendant does not, however, submit a translated copy of the pledge agreement nor is the pledge agreement attached to the Affidavit. It appears that the pledge agreement may have been submitted by Defendant as Defendant's Ex. H, in untranslated form.

9

assets, including his interest in any and all bank and investments [sic] accounts maintained by Fidelity Investments, were transferred to [M. R.'s] legal representative on October 30, 2008 and Mr. Marko Rudi no longer has any legal interest in such assets." (Docket 74-9, ¶ 9, p. 1 of 3.) This statement does not support Defendant's argument that the assets were transferred on December 8, 2008.[4] Additionally, Katrin Rudi indicates in her Affidavit that the property has not yet been seized for the minor child as she states that the minor child's legal representative is "in the process of seeking the liquidation of all Mr. Marko Rudi's assets." (Docket 74-9, ¶ 10.) Accordingly, the evidence offered by Defendant fails to show that the property had been transferred to the minor child at the time of the Government's levy. Rather, it shows that the property subject to Garnishment was still owned by Defendant and that it had not been liquidated for use by the minor child.

Defendant argues that his counsel had already submitted documents stating that he had an obligation to support his minor child. The submission of such documentation fails to establish that Defendant had a child support obligation or that the property subject to the Writ of Garnishment is exempt. The Order of Extradition that Defendant attaches as Exhibit J to his letter shows that in December 2008, Defendant had a dependant child of 6 months and that he argued against extradition, claiming, among other things, that his minor child would be left without a father and income. The Extradition Order states as follows:

---

[4]In fact, it makes little sense chronologically because, according to the sworn affidavit of Katrin Rudi, the transfer of assets on October 30, 2008 would have occurred prior to the pledge agreement on October 31, 2008.

10

> parents have equal rights and duties towards their children. § 60 of the Family Act states that both parents are obliged to take responsibility for maintaining a minor child. Thus, the father being abroad does not eliminate the mother's duty and right to exercise parental care towards the child. According to the Population Registry, the child of Marko Rudi is living with mother and has grandparents of employment age, thus there is no reason to expect that the minor child would be left without needed aid and income. It is also important to take into account the functioning social security system that will ensure the necessary income for the child if needed.

(Docket 74-10, p. 11 of 14.) Notably, at the time of the Extradition Order, in December 2008, there was no mention of Defendant Rudi transferring assets to the minor child. Rather, it appears from the Order of Extradition that the Government of the Republic of Estonia felt that the minor child would be provided income from sources other than Defendant.

For all of the foregoing reasons, Defendant has failed to show that the property subject to the Government's Writ had been transferred to the minor child prior to the Writ.

### C. Defendant's Pending Appeal Does Not Preclude the Government's Levy.

Notwithstanding an appeal, a judgment to pay a fine is a final judgment for all other purposes. 18 U.S.C. § 3572(c). Enforcement of the fine should proceed even though Defendant's case is on appeal. The Fourth Circuit has already denied Defendant's motion to stay. (Docket Entry 59.) Moreover, Defendant has been released from imprisonment and he is currently residing in Estonia. Defendant was ordered to pay $150.00 per month beginning 90 days after release from imprisonment. Even assuming Defendant makes his $150.00 monthly payment, collection of $150.00 per month for a period of 20 years would only render $36,000.00 collected, which is far less than the $150,000.00 ordered by the

11

district court. Accordingly, a stay should not be granted during Defendant's appeal and the judgment should be enforced in full immediately.

To the extent the court were to consider granting a motion to stay, any relief awarded Defendant should be conditioned upon his filing a bond or other appropriate security in the district court. See Fed. R. App. P. 8(a)(2)(E). Federal Rule of Criminal Procedure 38(c) and 18 U.S.C. § 3572(g) provide that, where a defendant seeks a stay of execution of a fine pending appeal, the court may require the defendant deposit cash into the court registry or post a bond to guarantee payment. The court may also restrain the defendant from dissipating assets or require an examination of the defendant regarding his assets. Here, if Defendant is granted a stay of execution of collection of monetary penalties during appeal, he should be required to post adequate funds to pay the fine pursuant to Fed. R. Crim. P. 38(c) and § 3572(g).

### D. Defendant Has An Obligation to Repay His Fine.

Defendant states that he was released from federal custody on March 3, 2011, and, therefore, his first installment payment of $150.00 is due June 1, 2011. (Docket 74, p. 2 of 3, ¶ 7.) Notwithstanding the fact that the Court entered a repayment schedule, Defendant has an obligation to pay his fine. A fine may be enforced in the same manner as a civil judgment. 18 U.S.C. § 3613(a). The Attorney General is required to enforce the liability to pay a fine as a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for tax assessment under the

12

Internal Revenue Code of 1986. The lien arises upon entry of judgment and lasts for 20 years. 18 U.S.C. § 3613(c). A fine may be collected using the remedies available under the Federal Debt Collection Procedures Act. The inclusion of these various enforcement provisions demonstrates that Congress did not intend for court-ordered payment schedules to bind the Government in its enforcement efforts and, here, the Government should be permitted to pursue enforcement with the issuance of a Writ of Garnishment as to Defendant Rudi's financial accounts at Fidelity Investments.

Defendant Rudi's liability for payment of the fine expires after his term of imprisonment plus twenty years. 18 U.S.C. § 3613(b), (c). Accordingly, if the payment schedule were the only means by which Defendant Rudi made payments, the result would be that only a fraction of the criminal fine would be repaid. See United States v. James, 312 F. Supp. 2d 802, 807 n.8 (E.D.Va. 2004) ("[I]f the payment schedule constituted the sole means to ensure that defendant satisfy his restitution obligation, it would result in the collection of only . . . a mere fraction of the [total amount] due.") Here, Defendant Rudi's payments of $150.00 per month for a period of twenty years would yield only $36,000.00, far less than the criminal fine imposed. Accordingly, the Government should not be confined to the payment schedule set forth in the district court's criminal judgment and such schedule should not preclude the Government from collecting the criminal monetary penalties by garnishing Defendant's property at Fidelity Investments.

In sum, the various enforcement methods provided remain available for enforcement

despite the payment schedule set forth by the district court in the criminal judgment. Furthermore, this does not render the court-ordered payment schedule irrelevant. Instead, the court-ordered payment schedule functions as an in personam judgment against the defendant, such that his failure to comply could result in default, revocation of his supervised release, or contempt. On the other hand, the Government's enforcement options function as in rem rights against Defendant Rudi's property.

## CONCLUSION

For the foregoing reasons, the United States of America respectfully requests that Defendant's claim for exemption, request for hearing and request to transfer be denied.

This the 19th day of May, 2011.

                        RIPLEY RAND
                        United States Attorney

                        /s/Joan B. Binkley
                        Assistant United States Attorney
                        NCSB# 18100
                        United States Attorney's Office
                        Middle District of North Carolina
                        P. O. Box 1858
                        Greensboro, NC 27402
                        Phone: 336/333-5351
                        E-mail: joan.binkley@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | No. 1:07CR412-1 |
| | ) | |
| **MARKO RUDI,** | ) | |
| | ) | |
| Defendant, | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2011, the foregoing Government's Response to Defendant's Arguments Opposing Levy was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that the document was mailed to the following non-CM/ECF participant:

Marko Rudi

Tartumaa, Estonia

                                                RIPLEY RAND
                                                United States Attorney

                                                /s/ Joan B. Binkley
                                                Assistant United States Attorney
                                                NCSB #18100
                                                United States Attorney's Office
                                                Middle District of North Carolina
                                                P.O. Box 1858
                                                Greensboro, NC  27402
                                                Telephone:  336/333-5351
                                                E-mail:  Joan.Binkley@usdoj.gov