IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| MARKO RUDI, | ) | 1:07CR412-1 |
| Defendant, | ) ) ) | |
| and | ) ) | |
| FIDELITY WORKPLACE SERVICES, LLC, | ) ) ) | |
| Garnishee. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Defendant Marko Rudi's motion for a hearing on exemptions from levy by the United States on his accounts subject to this Court's writ of continuing garnishment entered on September 29, 2010. (Docket No. 68.) Defendant's motion has been fully briefed. (Docket Nos. 69, 70, 74, 75, 76.) For the reasons stated herein, Defendant's motion should be denied.

## FACTS AND PROCEDURAL HISTORY

Review of the record in this matter shows that on June 17, 2010, Defendant Rudi was sentenced to 33 months in prison and three years supervised release, and ordered to pay $100 in special assessment and a criminal fine in the amount of $150,000. (*See* Min. Entry 6/17/2010; Docket No. 43.)

On September 22, 2010, the government filed an Application for Writ of Continuing Garnishment (Docket No. 60), and on September 29, 2010, the Court issued a Writ of Continuing Garnishment against the balance of any and all accounts in the name of Marko Rudi. (Docket No. 61.) Two entities filed answers to the writ. Fidelity Employer Services Company filed an answer and states that Defendant is a terminated participant in the Rockwell Automation Salaried Plan and has an account with a balance of $7,219.74. (Docket No. 65.) In addition, the company states that Defendant has an account in the Triangle Institute Plan with a balance of $30,784.74. (*Id*.) Finally, Fidelity Investments (Fidelity Brokerage Services LLC) filed an answer and states that Defendant has a Fidelity individual account with a value of $15.48. (Docket No. 66.)

On October 20, 2010, Defendant Rudi was served with the Application, Notice and Writ of Garnishment. On October 22, 2010, he requested an exemption and a hearing. (Docket No. 68.) He requests an exemption from levy pursuant to 26 U.S.C. § 6334(a)(8) for support of a minor child. (*Id*.) In setting out the amount of the exemption, this subsection reads as follows:

> If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

26 U.S.C. § 6334(a)(8).

In addition, in his reply to the government's response Defendant argues that he does not owe any money to the government because of the court-ordered payment plan reflected in his Judgment. (Docket No. 70.) He also notes that he is appealing his sentence and the imposition of the $150,000 fine. (*Id*.) Finally, Defendant argues that he has an unfulfilled obligation to support his minor child under the laws of the Republic of Estonia and that the property at issue was transferred to his child in accordance with the laws of Estonia. (*Id*.)

This Court ordered Defendant to provide the Court with any documentation supporting his claim of an exemption based upon a judgment for support of minor children or showing that ownership of the property subject to levy has already been transferred to his minor child. (Docket No. 71.) Defendant responded by submitting several documents, many written in another language and then translated into English. (Docket No. 74.) The government maintains that Defendant has failed to carry his burden of showing that the amounts in Defendant's retirement savings accounts are exempt from levy. (Docket No. 75.)

-3-

## DISCUSSION

A.  **Exemption for Support of Minor Child**

The exemption from levy for a court judgment to contribute to the support of a minor child applies to "salary, wages, or other income." The term "other income" in this statute must be construed to "embrace only objects similar in nature to" salary and wages. *Woods v. Simpson*, 46 F.3d 21, 23 (6th Cir. 1995). The *Woods* court found that an inheritance did not qualify as "salary, wages, or other income" because it was not an item received by an individual for services rendered and was not received on a weekly or other than weekly basis such as a salary or wages would be received. *Id*. at 23-24. *See* 26 U.S.C. § 6334(d) (exempting specified amounts for "wages, salary, and other income" received on weekly or other than weekly basis).

The answers to the continuing writ of garnishment for Defendant Rudi show accounts of funds being held in Defendant Rudi's name. (Docket Nos. 65, 66.) The record shows that Defendant Rudi was incarcerated in August 2009 on the present charges and remained incarcerated until his release and deportation to Estonia where he now resides. (Min. Entry 8/27/2009; Docket No. 72.) There is no showing that these funds are being received by Defendant Rudi on a weekly or other than weekly basis, or that he is receiving these funds for services rendered. Rather, the funds have apparently been on deposit for some time, and Defendant Rudi is not, and has not recently been, providing services for which a salary or wages would be earned. Accordingly, Defendant Rudi has not shown that the accounts listed

-4-

in the answers to the continuing writ of garnishment represent "salary, wages, or other income" to which the exemption would apply.[1]

Even if the funds in the accounts at issue did qualify as "salary, wages, or other income," the implementing regulation for section 6334(a)(8) requires that the debtor prove that the funds will actually be used to pay the child support obligation. *See* 26 C.F.R. § 301.6334-1(a)(8); *Mission Primary Care Clinic, PLLC v. Director, I.R.S.*, 370 Fed. App'x 536, 541 (5th Cir. 2010). If this Court were to release the continuing writs of garnishment on the funds at issue, there is no guarantee that the funds would in fact be used to support Defendant Rudi's minor child. This constitutes another reason why the funds are not exempt from garnishment pursuant to section 6334(a)(8).

**B.** **Transfer of Assets Pursuant to the Laws of Estonia**

Defendant Rudi also argues that ownership of the funds in the accounts at issue have already been transferred to his minor child, Martin Rudi, by operation of Estonia law. (Docket No. 74 at 2.) The record fails to show that ownership of the funds in the accounts at issue have been transferred to Defendant's minor child. The answers of the garnishees reveal that the accounts were not subject to any garnishments prior to the receipt of the continuing writs of garnishment issued by this Court pursuant to the government's request.

---

[1] In light of this conclusion, the Court deems it unnecessary to address the additional arguments made by the government as to why section 6334(a)(8) does not apply.

(Docket No. 65 ¶ 8 ("Fidelity has received no previous garnishments relative to the Defendant."); Docket No. 66, answer to question 3 (no previous garnishments in effect).)

Defendant Rudi submits the affidavit of Katrin Rudi who states that she is the legal representative of Martin Rudi, Defendant's minor child. (Docket No. 74, Ex. I.) Ms. Rudi states that Defendant Rudi's interest in all bank and investment accounts were transferred to Martin Rudi's legal representative on October 30, 2008. (*Id*. ¶ 5.) Ms. Rudi also states that Martin Rudi's legal representative is "in the process of seeking the liquidation of" all of Defendant Rudi's assets located in the United States to cover his child support obligations. (*Id* ¶ 10.) However, there is no showing that any action has been taken specifically against the property identified in the answers of the garnishees. Accordingly, Defendant Rudi's contention that ownership of the funds in the accounts at issue has already been transferred to Martin Rudi should be rejected.

C. **Court-ordered Payment Plan**

Defendant Rudi relies upon the court-ordered payment plan included in his judgment to argue that he does not owe the government any monies. (Docket No. 74 ¶ 7.) Defendant's judgment includes a payment plan for the $150,000 fine he was ordered to pay. He is to pay $150.00 per month commencing 90 days after release from imprisonment. (Docket No. 43.) His judgment also includes the following sentence in bold print: "Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties." (*Id*. at 6.) Courts have found the inclusion of a payment plan in a

-6-

Case 1:07-cr-00412-NCT   Document 78   Filed 07/19/11   Page 6 of 8

judgment of conviction does not present an obstacle to the government seeking to collect a criminal restitution order by other means such as garnishment. *See, e.g., United States v. James*, 312 F. Supp. 2d 802, 806-07 (E.D. Va. 2004). As the government argues, the payment plan could not be the sole means of collecting the $150,000 fine because under the plan only a fraction of that amount would be repaid at the end of Defendant Rudi's three-year term of supervised release. Defendant's argument should therefore be rejected.

**D.     Appeal of Sentence**

Defendant's appeal of his sentence and fine is no obstacle to the government's effort to collect the monetary penalty. The Fourth Circuit Court of Appeals has already denied Defendant Rudi's request for a stay pending appeal. (Docket No. 59.) Therefore, notwithstanding the pending appeal, Defendant's judgment including a fine constitutes a final judgment which the government may execute upon. *See* 18 U.S.C. § 3572(c); *United States v. Kieffer*, No. 1:08-cr-54, 2010 WL 2231806, slip copy at 3-4 (D.N.D. Apr. 28, 2010). Defendant's argument that the government may not attempt to collect his monetary penalty during the pendency of his appeal should therefore be rejected.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's motion for hearing on exemptions (Docket No. 68) be denied, and that Defendant's interest in the

investment accounts identified in the answers to the writs of garnishment be held subject to garnishment.

                                                   /s/ P. Trevor Sharp
                                            United States Magistrate Judge

Date: July 19, 2011